UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RUSSELL CARBONE,

                        Plaintiff,

      -against-

ELISE MARTIN,

                        Defendant.
----------------------------------------------------------------X

**ORDER**
**ON MOTIONS**

CV 18-3509 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        The *Pro Se* Plaintiff has filed several motions, including a: (1) motion to "so order" three subpoenas on various Internal Revenue Service ("IRS") personnel [DE 55]; (2) motion for a telephone conference regarding the Plaintiff's request to "so order" the subpoenas to the IRS [DE 57]; and (3) motion for summary judgment under Rule 56 and sanctions under Rule 11 [DE 58]. The Plaintiff also filed two "notices" [DE 59, DE 60], which seemingly supplement his motion for summary judgment. The Court addresses each motion in turn.

1.         **Plaintiff's Motion to Compel Subpoenas on IRS Employees - DE 55**

        Plaintiff requests that the Court "so order" three subpoenas addressed to (1) Cheryl McInroy, Associate Area Counsel for the IRS; (2) the Chief IRS Officer for Long Island Office; and (3) Ms. Beeman, the IRS Lien Release Division. *See* DE 55 at 11, 14, 17. Each subpoena requests: "Any & all DOCUMENTATION regarding Notice of Tax Lien dated 10/18/2011 & RELEASE of LIEN: 250 Erie Road West Hempstead New York-See attached Lien papers & Offer in Compromise." *Id*. Defendant's counsel has joined the motion in support of the Plaintiff's request. *See* DE 56. Counsel states that "we are still awaiting the IRS to either abide

by the terms of the Offer in Compromise which was paid in full or Release the lien on the Property so we can sell. I have sent yet another letter and made numerous phone calls but to no avail." *Id*.

The Court initially notes that "[d]iscovery is a self-executing process." *New Falls Corp. v. Soni Holdings, LLC*, No. 18-MC-1111, 2018 WL 8014321, at *1 (E.D.N.Y. Oct. 15, 2018) (quoting *Barnett v. Norman*, No. 05-CV-1022, 2010 WL 3220122, at *3 (E.D. Cal. Aug. 10, 2010). "Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Id*. (citing *Rand v. Am. Ins. Co.*, No. 11-CV-3040, 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012) (citing Fed. R. Civ. P. 45(a)(3)). Since the Defendant's counsel has joined in support of the Plaintiff's request for the Court to "so order" the subpoenas, the proper course of action would have been for Defendant's counsel to issue and serve the subpoenas to the IRS without the Court's intervention. *See New Falls Corp. v. Soni Holdings, LLC*, No. 18-MC-1111, 2018 WL 8014321, at *1 (E.D.N.Y. Oct. 15, 2018) (declining to so order a subpoena to the IRS where the attorney of record could have issued the subpoena). Nonetheless, the subpoenas have been submitted to the Court by the *Pro Se* Plaintiff to be "so ordered." Based on the record before it, the Court will not exercise its discretion to "so order" the subpoenas.

"Although, as a basic proposition, federal agencies can be compelled to produce information in response to a subpoena, federal agencies have promulgated regulations to limit their employees' authority to share information with outside parties." *Upsher-Smith Lab'ys, Inc.*

*v. Fifth Third Bank*, No. 16-CV-556, 2017 WL 7369881, at *5 (D. Minn. Oct. 18, 2017); *see also U.S. E.P.A. v. Gen. Elec. Co.*, 197 F.3d 592, 599 (2d Cir. 1999), *opinion amended on reh'g*, 212 F.3d 689 (2d Cir. 2000); *Adler v. United States Dep't of Just.*, No. 18-CV-2188, 2018 WL 4571677, at *3 (S.D.N.Y. Sept. 24, 2018). The Federal Housekeeping Statute authorizes federal agencies to adopt regulations that govern "the conduct of [their] employees ... and the custody, use, and preservation of [agency] records, papers and property." 5 U.S.C. § 301. Regulations adopted under this statute are referred to as "Touhy regulations." *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 71 S.Ct. 416 (1951)); *Solomon v. Nassau Cty.*, 274 F.R.D. 455, 457 (E.D.N.Y. 2011). A party to an adversary proceeding in which the United States is not a party which seeks to obtain documents from a federal agency for use in that adversary proceeding must follow the Touhy regulations applicable to that agency. *In re Grabis*, No. 13-10669, 2018 WL 6132045, at *7 (Bankr. S.D.N.Y. Nov. 20, 2018) (citing *Touhy*, 340 U.S. at 468). The Department of the Treasury has its own set of Touhy regulations set forth at 31 C.F.R. § 1.11 and throughout 26 C.F.R. §§ 301.9001-1 to -7. Based on the text of these regulations, a party requesting records or information from the IRS must provide the agency with a written statement which includes various information set forth under 26 C.F.R. §§ 301.9001–5. The subpoenas submitted by the Plaintiff are not accompanied with such a written statement and, therefore, do not comply with the applicable Touhy regulations.

Even assuming that the subpoenas complied with the applicable Touhy regulations, in light of the Plaintiff's concession that the subpoenas are meant to serve "as an impetus toward resolution of the [release of the federal tax lien against the subject property] by compelling IRS personnel to scrutinize, appear, and hopefully resolve the [release of the federal tax lien against the subject property]," DE 55 at 2, rather than a mechanism for the parties to gather discoverable

information relevant and proportional to the needs of the case under Rule 26(b)(1), the Court will not exercise its discretion to "so order" the subpoenas.  *See Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, No. 18-CV-8999, 2020 WL 7695712, at *3 (S.D.N.Y. Dec. 28, 2020) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.") (citing *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012)).  This Court has no authority to direct a federal agency – which is a non-party to this action – through the vehicle of a subpoena to take affirmative steps to resolve a dispute involving an existing tax lien.

To the extent the parties maintain that records or information are still required from the IRS, Defendant's counsel may issue and serve a subpoena to the IRS which complies with the applicable Touhy regulations.[1]

**2.**     **Plaintiff's Letter Motion for Hearing -- DE 57**

In light of the Court's ruling concerning DE 55, this motion is MOOT.

3.     **Plaintiff's Motion for Summary Judgment, Motion to Appoint Receiver/Referee, Motion for Sanctions -- DE 58**

Although Plaintiff has entitled this document a motion for summary judgment, he begins by taking to task Defendant's counsel for a purported conflict of interest.  DE 58 at 2.  According to Plaintiff, Attorney Manas not only represents Defendant Elise Martin, she also represents non-party Lavinna Hurdle, Defendant Martin's sister.  *Id*.  Lavinna Hurdle was purportedly supposed

---

[1]     The Court further points out that in DE 58 (Plaintiff's Motion for Summary Judgment, Motion to Appoint Receiver/Referee, Motion for Sanctions), Plaintiff states that "[l]ately, plaintiff obtained the release of federal tax liends through great effort which was cited as an impediment to closing. . . ." *Id*. at 3.  This turn of events may well have rendered Plaintiff's original motion moot.  However, Plaintiff subsequently has notified the Court of additional tax liens.  *See* DE 59.

to purchase a one-half interest in the 250 Erie Road Property which was apparently to be partitioned. *Id*. Plaintiff argues that Ms. Hurdle has blocked the case, and presumably the sale of the Property. Plaintiff refers to a "last straw" in that Defendant's counsel Manas has refused to answer Plaintiff's multiple calls. Plaintiff asserts that sanctions are warranted, "but more importantly if Hurdle cannot purchase the Sale need be put to a Receiver, with appropriate costs assessed and the investment home at 250 Erie Road needs to be sold and apportioned per the filed contract. . ." *Id.* at 3. Ultimately, Plaintiff contends that summary judgment should be "virtually perfunctory" "per Judge Bianco." *Id*. at 4.

The Court notes that the Plaintiff previously moved for summary judgment against the Defendant on March 21, 2019. *See* DE 23. On January 15, 2020, Judge Brown denied the Plaintiff's initial summary judgment motion, without prejudice, and with the right to renew, noting that "[u]pon review of the summary judgment papers, neither pro se plaintiff nor defendant complied with the dictates of Local Civil Rule 56.1" *See* January 15, 2020 Electronic Order. Notwithstanding Judge Brown's directive, however, the Plaintiff has simply re-filed portions of the same motion for summary judgment previously denied by Judge Brown, without curing the procedural deficiencies contained in the motion. Importantly, the Plaintiff did not submit a separate Rule 56.1 Statement of Facts with his motion. Local Rule 56.1(a) provides that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion." Local Rule 56.1(a). Moreover, "[e]ach statement …, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local

Rule 56.1(d).  Generally, "[p]ro se litigants are … not excused from meeting the requirements of Local Rule 56.1."  *Von Stein v. Pruyne*, No. 15-CV-7039, 2020 WL 3498431, at *2 (S.D.N.Y. June 29, 2020) (citing *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009)).

Plaintiff also seeks the imposition of sanctions.  Given the significance of the relief Plaintiff seeks in this regard and the basis for such relief, Plaintiff needs to file a formal motion, in compliance with the Federal Rules of Civil Procedure, on notice to the Defendant.  Plaintiff should be communicating with Defendant's counsel to come up with an agreed-upon briefing schedule to present to the Court for review and approval.

For the foregoing reasons, Plaintiff's motion for summary judgment as presented is DENIED, without prejudice, and with the right to renew in compliance with the requirements of Local Rule 56.1.  Similarly, the notices [DE 59-60] which seemingly served to supplement the motion are rejected.  The Plaintiff will be provided **one final opportunity** to present his motion in accordance with the requirements of Local Rule 56.1.  **Plaintiff has until May 6, 2021 to file a fully compliant motion**.  Any failure to do so by that date will result in a waiver of Plaintiff's right to make the motion.

To the extent that the Plaintiff intends to move for sanctions, he must do so in a separate motion, formally and on notice to the Defendant.  Legal memoranda supporting both motions are limited to 25 pages under the Court's Individual Rules.  Defendant will have until June 9, 2021 to file any opposition (limited to 25 pages) and Plaintiff will have until June 18, 2021 to file any reply (limited to 10 pages) if he wishes to do so.

Lastly, any renewed motion for summary judgment must address what legal impact, if any, the settlement agreement reached at the June 11, 2019 conference before Judge Brown has

6

on the contract for sale of the subject property entered into by the parties on July 5, 2013 which forms the basis of the Complaint. *See* DE 1-1.

The Court is sending a copy of this Order to the pro se Plaintiff by overnight mail and first-class mail.

**SO ORDERED.**

Dated: Central Islip, New York
       March 31, 2021                                 /s/ A. Kathleen Tomlinson
                                                       A. KATHLEEN TOMLINSON
                                                       United States Magistrate Judge